```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HECTOR FRIAS,                    :    CIVIL NO. 3:05-CV-1753
                                 :
          Plaintiff              :    (Judge Conaboy)
                                 :
     v.                          :    (Magistrate Judge Smyser)
                                 :
WARDEN JOSEPH V. SMITH;          :
D. SCOTT DODRILL; and            :
PHYSICIAN ASSISTANT MARK         :
PEORIA,                          :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**

On August 29, 2005, the plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint.

The defendants named in the complaint are: 1) Joseph V. Smith, the Warden at the United States Penitentiary at Lewisburg (USP-Lewisburg); 2) D. Scott Dodrill, the Northeast Regional Director of the Bureau of Prisons; and 3) Mark Peoria, a physician's assistant at USP-Lewisburg.

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

The plaintiff alleges that on February 26, 2005, he was assaulted by another prisoner. He alleges that as a result of the assault he was placed in the Special Housing Unit in administrative detention pending an investigation of the incident. The plaintiff claims that defendants Smith and Dodrill violated his due process rights under the Fifth Amendment[2] and his right to be free from cruel and unusual punishment under the Eighth Amendment by keeping him in administrative detention for an extended period of time. The plaintiff also claims that defendant Peoria violated the Eighth Amendment by failing to provide appropriate medical care for the injuries he sustained as a result of the assault.

On January 5, 2005, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. After

---

[2] The plaintiff also cites to the Fourteenth Amendment. However, the Due Process Clause of the Fourteenth Amendment applies to state officials. Since the defendants are federal officials and not state officials, the Due Process Clause of the Fifth Amendment rather than the Due Process Clause of the Fourteenth Amendment is applicable in this case.

requesting and receiving an extension of time, the defendants filed a statement of facts, documents and a brief in support of their motion on January 26, 2006.  On February 17, 2006, the plaintiff filed a brief in opposition, and on March 3, 2006, the defendants filed a reply brief.

Since the defendants have filed documents outside of the pleadings, we will construe their motion as a motion for summary judgment.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at

trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003).  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

The defendants contend that the plaintiff's claims should be dismissed because he has failed to exhaust administrative remedies.

42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). As an affirmative defense, the failure to exhaust

5

available administrative remedies must be pleaded and proven by the defendants.  *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a).  If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4).  The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a).  Finally, an inmate who is not satisfied with the Regional Director's response may

appeal to the General Counsel within thirty days of the date of the Regional Director's response.  28 C.F.R. § 542.15(a).

The defendants have submitted a declaration from L. Cunningham, a supervisory attorney with the Bureau of Prisons at USP-Lewisburg.  Cunningham states that a review of the Bureau's SENTRY system indicates that the plaintiff has not filed any Administrative Remedy Requests with regard to any of the issues he is raising in his complaint. *Doc. 31, Exhibit 1 at ¶6.*[3]

The plaintiff does not deny that he did not file any Administrative Remedy Requests regarding the claims that he is raising in this case.  However, he asserts that his attempt at informal resolution was not responded to and that, therefore, he could not proceed to the next step of the process - the filing of an Administrative Remedy Request.  On

---

[3] Cunningham states that the plaintiff did file an administrative Federal Tort Claims Act claim.  The defendants argue in their brief in support of their motion that the plaintiff's Federal Tort Claims Act claim should be dismissed. In his brief in opposition, the plaintiff makes clear that he is not raising a Federal Tort Claims Act claim in this case.

April 27, 2005, the plaintiff has submitted an Informal Resolution Attempt form, known as a BP8, in which he complains that he has not received appropriate medical care for the injury he received in the assault. *Doc. 1, Exhibit B.* A handwritten note on that form provides: "Your BP8 has been referred to the HSA for a response." *Id.* The plaintiff contends that he did not receive a response from the HSA and that, therefore, he was unable to proceed to the filing of an Administrative Remedy Request.

Assuming for the time being that the plaintiff did not receive a response from the HSA to his BP8 regarding the denial of medical care, it is nevertheless clear that the plaintiff did receive a response to his separate BP8 claiming that he was being inappropriately detained in administrative detention. *See Doc.* 34, *Exhibit 2.* Yet the plaintiff did not file an Administrative Remedy Request regarding his claim that defendants Smith and Dodrill violated his due process rights and his right to be free from cruel and unusual punishment by keeping him in administrative detention for an extended period of time. The plaintiff has not argued that

8

there was a barrier to his filing an Administrative Remedy Request regarding his administrative detention claim.  Since the plaintiff has failed to exhaust available administrative remedies with regard to his administrative detention claim, it will be recommended that that claim be dismissed.

Returning to the plaintiff's claim that he was denied medical treatment by defendant Peoria, we conclude that defendant Peoria has not established that there was an administrative remedy process available to the plaintiff with regard to that claim given the plaintiff's assertion that he did not receive a response to his BP8 regarding the denial of medical care and that he, therefore, could not proceed to file an Administrative Remedy Request on that issue. Defendant Peoria contends that the plaintiff did receive a response from the HSA to his BP8 and he has submitted a copy of that response dated May 5, 2005.  The plaintiff, however, denies receiving the response.  There is a genuine factual dispute about whether or not the plaintiff received the response.  The factual disputed can not be decided in connection with a summary judgment motion.

Defendant Peoria argues that the question whether or not the plaintiff received the response to his BP8 is not material because even without a response the plaintiff could have filed an Administrative Remedy Request. The defendant cites to 28 C.F.R. § 542.18, which provides:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

Although 28 C.F.R. § 542.18 provides that the absence of a response may be considered a denial, it appears that § 542.18 applies only to Administrative Remedy Requests and

10

Appeals.  The plaintiff asserts that he could not proceed to file an Administrative Remedy Request without first receiving a response to his BP8.  At this point, we can not conclude whether or not, in the absence of a response to his BP8, the administrative remedy process was available to the plaintiff with regard to his claim that he was denied medical treatment.  Accordingly, we will not recommend that the plaintiff's medical claim be dismissed based on a failure to exhaust administrative remedies.

Although we will not recommend that the plaintiff's medical claim be dismissed based on a failure to exhaust administrative remedies, we will recommend that defendant Peoria be granted summary judgment on that claim.

In order for plaintiff to establish an Eighth Amendment medical claim under 42 U.S.C. § 1983 against defendant Peoria he must establish that defendant Peoria acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97 (1976).

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id.* (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)). Prison medical authorities are given considerable latitude in the diagnosis and

12

treatment of medical problems of inmates and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)(mere disagreement over proper treatment does not state a claim).

    The plaintiff contends that defendant Peoria did not provide appropriate medical treatment for an eye injury he received in the assault.  However, it is undisputed that

13

defendant Peoria examined the plaintiff's eyes on several occasions and prescribed artificial tears for relief of eye pain on one of those occasions. *See Defendants' Statement of Facts (doc. 31) at ¶¶10-16.*  It is also undisputed that a contract optometrist examined the plaintiff and noted no abnormalities with the plaintiff's eyes other than routine optical refraction deficiencies. *Id. at ¶17.*

Although the plaintiff disagrees with the treatment he received, mere disagreement as to the proper treatment does not support an Eighth Amendment claim. *Monmouth County, supra,* 834 F.2d at 346.  The plaintiff has failed to establish that defendant Peoria was deliberately indifferent to his serious medical needs.  Accordingly, it will be recommended that defendant Peoria be granted summary judgment.

Based on the foregoing, it is recommended that the defendants' motion (doc. 20) to dismiss or for summary judgment be granted.  It is recommended that the plaintiff's claim that defendants Smith and Dodrill violated his due

14

process rights and his right to be free from cruel and unusual punishment by keeping him in administrative detention for an extended period of time be dismissed because the plaintiff has failed to exhaust available administrative remedies with regard to that claim.  It is also recommenced that defendant Peoria be granted summary judgement on the plaintiff's Eighth Amendment medical claim.  Finally, it is recommended that the case file be closed.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:  March 30, 2006.